**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

GARRY JONES,

    Petitioner,                                            Civil No. 2:10-CV-14476

v.

THOMAS K. BELL,

    Respondent.
_____/

## OPINION AND ORDER CONDITIONALLY GRANTING
## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Garry Jones argues that his convictions for robberies and weapons offenses were obtained in violation of his Sixth Amendment right to self-representation and that his appellate counsel was ineffective for failing to raise this issue on direct appeal, thereby excusing his procedural default. The court agrees.

When criminal defendants speak up in court seeking to discharge their attorney and represent themselves, they may mean what they say in all seriousness, or they may be doing no more than angling for a perceived strategic advantage or an undeserved adjournment; some may notify the court of such desire well in advance of trial, and others may raise the issue at the last moment and appear dilatory; some may seem able to perform capably, while others may be fairly viewed as too obstreperous to be allowed to take the stage.

Upon hearing and considering a request, the trial court may render a decision for or against the request, within its reasoned discretion, and consistent with the law. There exist circumstances in which such self-representation requests will be

appropriately denied.  But the request, constitutionally significant as it is, *must be considered*.

A trial court, even an extremely busy trial court, that refuses even to hear the request, that fails to analyze and render a finding on the defendant's position, deprives that defendant of a constitutional right grounded in the fundamental law of the land.  It is far from clear in this case that the Petitioner was seriously invoking his right to self-representation, and may well have been doing no more than angling.  The time was late, as the jury panel was waiting in the wings.  The trial court could have adjudged the request untimely, or could have engaged the Petitioner and found the "request" baseless or the defendant vacuous and, for these purposes, not competent.  But no such judgment was rendered and no findings made, because the court did not pause long enough to hear the request.  The entire discussion was this:

> THE DEFENDANT:  I would like to represent myself at trial, your Honor.
>
> THE COURT:  Well, I don't think you can handle that.  So, I'm going to deny it.

The request was simply brushed aside, perhaps out of frustration with Petitioner's attitude, or in a rush to get the jury seated.  Whatever the court's motivation, summarily rejecting the request was error, subject neither to being excused as harmless nor barred by procedural default since the issue very plainly should have been raised in the first appeal.

For these reasons and those that follow, the petition for writ of habeas corpus must be conditionally granted.

## I. BACKGROUND

Petitioner was convicted of two counts of armed robbery, being a felon-in-possession, and felony-firearm, second offense, following a jury trial in Wayne County Circuit Court. He is now incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, and seeks a writ of habeas corpus pro se, pursuant to 28 U.S.C. § 2254.

The Michigan Court of Appeals relied upon the following facts, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1):

> Defendant was convicted of committing two separate armed robberies of the complainant, one on June 3, 2006, and another on June 21, 2006. The principal evidence against defendant was the complainant's testimony. The complainant knew defendant and indicated that they had sold drugs together. The complainant testified that on June 3, 2006, defendant called his cell phone and requested $100. He told defendant that he would give him $100. Later that day, the complainant was driving a friend's Lexis [sic] when he saw defendant and stopped to give defendant the money. Defendant pulled a silver-gray semi-automatic handgun and said, "Give me all your sh*t." In turn, the complainant removed his jewelry, eyeglasses, and clothing. As he was standing naked, a second man, wearing a mask, came from the side of a house and collected his property at defendant's direction. Defendant and the unidentified man got into the Lexis [sic] and sped away; the keys had been left in the ignition. The complainant ran to a home where a man gave him jeans and a shirt and allowed him to use the phone. A friend drove the complainant home and his wife later drove him to the police station. The complainant further testified that on June 21, 2006, he arrived home after midnight and was walking up the steps to his front porch when defendant approached him, pointed a gun at him, and demanded his money. The complainant threw $600 or $700 on the steps, went into his house, and reported the robbery to the police the following morning.

*People v. Jones*, Nos. 281464 and 281465, * 2 (Mich. Ct. App. Dec. 23, 2008).

Petitioner's conviction was affirmed on appeal. *Id.*, *leave to appeal denied at* 764 N.W.2d 257 (Mich. 2009). Petitioner filed a post-conviction motion for relief from

judgment, which was denied. *People v. Jones,* Nos. 07-7660-01, 07-7661-01 (Wayne County Circuit Court, Nov. 12, 2009). The Michigan Court of Appeals denied Petitioner leave to appeal. *People v. Jones,* No. 296332 (Mich. Ct. App. June 10, 2010), *leave to appeal denied at* 789 N.W.2d 471 (Mich. 2010).

Petitioner argues the following grounds:

I. [Petitioner] was deprived of his constitutional right to self[-]representation and due process under both [the] state and federal constitutions, where the state trial court refused to honor [Petitioner's] request to represent himself.

II. [Petitioner] was deprived of his constitutional right to effective assistance of counsel and due process under both the state and federal constitutions where trial counsel did not consult [Petitioner] regarding his felony cases until the day of trial.

III. [Petitioner] was deprived of his constitutional right to the effective assistance of [appellate] counsel under both the state and federal constitutions where counsel failed to raise the above claims submitted in this brief on direct appeal.

IV. The trial court decision denying relief on [Petitioner's] claim of his right to self-representation resulted in a decision that was contrary to, and involved an unreasonable determination of the facts in light of our U.S. Supreme Court decision in *Faretta v*[.] *California.*

(Pet. for Habeas Corpus at 2–3.)

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

4

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case[.]" *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410–11.

### III. DISCUSSION

#### A. Violation of Petitioner's Sixth Amendment Right to Self-Representation.

In his first and fourth claims, Petitioner argues that he was denied his Sixth Amendment right to self-representation and that the state court's adverse ruling was contrary to the Supreme Court precedent in *Faretta v. California*, 422 U.S. 806 (1975). "In the federal courts, the right of self-representation has been protected by statute since the infancy of this nation." *Id.* at 812–13. *Faretta* explained that the American Colonies insisted upon a right of self-representation and distrusted any form of mandatory counsel appointed by the state:

> The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense. . . . Although not stated in the Amendment in so many words, the right to self representation—to make one's own defense personally—is . . . necessarily implied by the structure of the Amendment. The right to

5

> defend is given directly to the accused; for it is he who suffers the consequences if the defense fails.
>
> The counsel provision supplements this design. It speaks of the 'assistance' of counsel, and an assistant, however expert, is still an assistant. The language and spirit of the Sixth Amendment contemplate that counsel, like the other defense tools guaranteed by the Amendment, shall be an aid to a willing defendant—not an organ of the State interposed between an unwilling defendant and his right to defend himself personally.

*Id.* at 819–20.

It is constitutional error to force a state-appointed public defender on an accused who chooses to represent himself. *Id.* at 836. Criminal defendants have a constitutional right to conduct their own defense at trial, if they voluntarily and intelligently elect to do so. *Martinez v. Court of Appeal of California, Fourth Appellate District,* 528 U.S. 152, 161–62 (2000). A state court's violation of a defendant's Sixth Amendment right to self-representation is not subject to harmless error analysis. *McKaskle v. Wiggins*, 465 U.S. 168, 177, n. 8 (1984) ("Since the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to 'harmless error' analysis. The right is either respected or denied; its deprivation cannot be harmless."). If a defendant's Sixth Amendment right to self-representation is violated, a defendant is entitled to reversal of his or her conviction regardless of whether the defendant can demonstrate prejudice. *Flanagan v. United States*, 465 U.S. 259, 268 (1984).

To invoke the right to self-representation, a defendant must clearly and unequivocally assert his intention to represent himself, the assertion must be timely, and there must be a showing that the defendant knowingly and intelligently relinquished the benefits of representation by counsel. *United States v. Martin*, 25 F.3d

293, 295 (6th Cir. 1994).

Petitioner's appointed counsel made two appearances on his behalf prior to his trial date. Counsel waived the arraignment and appeared at the pretrial conference, stating that two witnesses would appear and testify at trial. At the final pretrial conference, the trial court ordered that Petitioner be held in the Wayne County Jail to assist trial counsel in preparation of Petitioner's cases.

On the morning of trial, Petitioner objected to appointed counsel's representation immediately upon appointed counsel entering his appearance on the record:

> THE DEFENDANT: I object, your Honor.
>
> THE COURT: Okay.  About what?
>
> . . .
>
> THE DEFENDANT: I explained to [appointed counsel] that I didn't want him to represent me because he's not prepared for my case.  And I have an attorney grievance against him that I have filed.  And this is my personal copy, if you would like to read it.  Because you writted me down here last week and he hasn't discussed anything pertaining to any of my issues on both of my cases.  And he's trying to walk me in here right now and he's not prepared.
>
> THE COURT:  I think he is prepared.  And I talked to him extensively beforehand about these issues.  And he's an excellent lawyer.
>
> THE DEFENDANT:  How could he be excellent—
>
> THE COURT: (Interposing) Don't argue with me. He's been doing this work a long time.  Your case has been adjourned before.  It's an old case.  And I'm not going to adjourn it again.
>
> THE DEFENDANT:  My case was dismissed before.
>
> THE COURT:  I know.  Well, it's a very old case on my docket.  It's over ninety-one days, which is beyond the statistics.

> THE DEFENDANT: He's not prepared for my case, your Honor.
>
> THE COURT: He is—
>
> THE DEFENDANT: (Interposing) He hasn't even seen me. He hasn't discussed my—
>
> THE COURT: (Interposing) Sir, I—
>
> THE DEFENDANT: (Interposing) Ma'am, he hasn't discussed none of my cases with me.
>
> THE COURT: Now, here's your options. To sit down and be quiet or to go in the back and we'll try the case while you're in the back. Those are your options. Because we're going to go forward and going to go forward with this lawyer. So, have a seat now and try to be respectful.
>
> THE DEFENDANT: I'm trying to be respectful.

(PageID# 108–10.) The court directed the prosecution to read its plea offer into the record. Following the offer, the court asked Petitioner whether he would like to accept the offer or go to trial:

> THE DEFENDANT: I would like to represent myself at trial, your Honor.
>
> THE COURT: Well, I don't think you can handle that. So, I'm going to deny it.
>
> THE DEFENDANT: Can you place that on the record?
>
> THE COURT: And I take that as a no. He wants to go to trial. It's on the record. All right. We're going to bring the jury in now and get started.

(PageID# 112–13.) No further inquiry into Petitioner's request to represent himself was held and following the prosecution's case, the defense rested without calling any witnesses.

"The language and spirit of the Sixth Amendment contemplate that counsel, like the other defense tools guaranteed by the Amendment, shall be an aid to a willing

defendant—not an organ of the State interposed between an unwilling defendant and his right to defend himself personally." *Faretta*, at 820. Petitioner was denied his Sixth Amendment right to self-representation. To begin with, Petitioner's request for self-representation was unequivocal. Although no reason need be given, Petitioner stated that he believed that trial counsel had not come prepared, a statement which supported his unequivocal request to represent himself. Petitioner considered the circumstances of his case and made a decision that "in his particular case counsel [was not] to his advantage." *Jones v. Jamrog,* 414 F.3d 585, 592 (6th Cir. 2005) (quoting *Faretta,* 422 U.S. at 835). As *Faretta* explained:

> The right to defend is personal. The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of 'that respect for the individual which is the lifeblood of the law.'

*Faretta*, 422 U.S. at 834 (quoting *Illinois v. Allen*, 397 U.S. 337, 350–51 (1970) (Brennan, J., concurring)).

Further, there is no evidence of Petitioner disrupting the proceedings or of any delay which would have occurred in the proceedings had Petitioner been allowed to represent himself at trial. Despite the state's argument to the contrary, the fact that Petitioner requested to represent himself on the first day of trial does not itself render the request untimely. For example, in *Moore v. Haviland,* 531 F.3d 393, 403 (6th Cir. 2008), the Sixth Circuit concluded that even a mid-trial invocation of the right to self-representation was timely. In finding that Moore's request for self-representation was timely, the Sixth Circuit noted that grounds for dissatisfaction with his counsel's

representation arose during the trial, and that Petitioner acted swiftly once the grounds arose. Likewise here, Petitioner's dissatisfaction with his trial attorney seems to have arisen the morning of his trial and he promptly objected to his attorney's representation as soon as court proceedings began. Because Petitioner voiced his objection as soon as feasible after grounds for dissatisfaction became clear, his request for self-representation was at least not unequivocally untimely.

In light of the fact that Petitioner made an clear and not-untimely request to represent himself, the trial court's failure to engage Petitioner in a colloquy to fully and completely address Petitioner's request to proceed pro se at trial was an unreasonable application of federal law.[1]  *Id.* at 402–03.

### B. Procedural Default.

Respondent argues that Petitioner's claim is procedurally defaulted because he raised it for the first time in his post-conviction motion for relief from judgment. Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief, absent a showing of good cause and prejudice, to a defendant if the motion for relief from judgment raises grounds for relief which could have been raised on direct appeal. For purposes of a conviction following a trial, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." Mich. Ct. R. 6.508(D)(3)(b)(i). The Wayne County Circuit Court denied Petitioner's

---

[1] Although the state argues that Petitioner voiced no *other* objections to his attorney's performance, "[i]t would be wholly unreasonable to require [Petitioner], in order to preserve his requests to proceed pro se, to refuse the trial court's orders to continue with the trial, especially in light of the court's having previously admonished him for disrupting the trial." *Moore*, 531 F.3d at 403.

motion for relief from judgment on the ground that Petitioner failed to establish actual prejudice resulting from the error. When state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless a petitioner demonstrates a "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991). Petitioner does not need to satisfy the highly-deferential AEDPA standard for the purposes of establishing cause to excuse his procedural default. *See Joseph v. Coyle*, 469 F.3d 441, 459 (6th Cir. 2006).

Petitioner contends that any procedural default should be excused because of the ineffective assistance of his appellate counsel in failing to raise his self-representation claim in his appeal of right. Ineffective assistance of counsel is cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451–52 (2000); *Murray v. Carrier*, 477 U.S. 478, 488–89 (1986). If Petitioner can show that he received ineffective assistance of appellate counsel that rose to the level of a Sixth Amendment violation, it will excuse his procedural default for failing to raise his self-representation claim on direct appeal in state court. *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000). Petitioner has not procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010) (en banc).

The Sixth Amendment guarantees the accused in a criminal prosecution the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668,

686 (1984). *Strickland* sets forth a two-part test for assessing claims of ineffective assistance. First, the defendant must show that the attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. To establish deficient performance under this prong of *Strickland*, the defendant must show that his attorney's representation "fell below an objective standard of reasonableness." *Id.* at 688. The second prong of *Strickland* examines whether the defendant was prejudiced by counsel's deficient performance. To meet the prejudice standard, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. *Strickland* applies to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005).

Because Petitioner's self-representation claim is obvious and meritorious, appellate counsel was ineffective for failing to raise this claim, providing Petitioner cause and prejudice for failing to raise this self-representation claim on direct appeal. *See McFarland v. Yukins*, 356 F.3d 688, 712 (6th Cir. 2004). The trial court denied Petitioner a hearing on his request to represent himself and, over Petitioner's objections, forced representation by appointed trial counsel in violation of the standard set forth in 28 U.S.C. § 1654 and *Faretta*. This violation of Petitioner's Sixth Amendment right requires reversal of his conviction. *See Flanagan*, 465 U.S. at 268.

## IV. CONCLUSION

In conformance with the standard set forth in *Faretta* and the AEDPA, the court GRANTS Petitioner relief on his first and fourth claims, pertaining to the denial of his

right to self-representation. Determination that Petitioner is entitled to a writ of habeas corpus with respect to his claim that he was deprived of his Sixth Amendment right to self-representation at trial renders moot Petitioner's second and third claims. *Jones v. Jamrog,* 414 F.3d at 590, n. 4. Accordingly,

IT IS ORDERED that Petitioner Garry Jones's petition for writ of habeas corpus [Dkt. # 1] is CONDITIONALLY GRANTED. Unless the state takes action to afford petitioner a new trial within 180 days of the date of this opinion, he may apply for a writ ordering respondent to release him from custody.

                                                s/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: December 19, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 19, 2013, by electronic and/or ordinary mail.

                                                s/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522