UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARRY JONES,

    Petitioner,

v.                                    Case No.  10-14476

THOMAS K. BELL,

    Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO STAY, AND DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO APPOINT COUNSEL**

On December 19, 2013, the court issued an opinion and order conditionally granting Petitioner Garry Jones's petition for a writ of habeas corpus. On January 15, 2014, Respondent filed a motion to stay the court's opinion and order. The court will grant Respondent's motion to stay.

The Supreme Court has articulated four factors for courts to consider when deciding whether to stay an order granting habeas relief pending appeal:

> (1) whether [Respondent] has made a strong showing that he is likely to succeed on the merits; (2) whether [Respondent] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). These factors are to be balanced by the district court. *See id.*

Regarding the first factor, Respondent argues that it has a substantial chance of success on the merits because Petitioner's request for self-representation was untimely when it was made. The court disagrees. As discussed in the court's opinion and order

granting habeas relief, the trial court's failure to consider Petitioner's request to represent himself was an unreasonable application of federal law. *Moore v. Haviland,* 531 F.3d 393, 402–03 (6th Cir. 2008). And because "the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to 'harmless error' analysis," thus resulting in actual harm to Respondent. *McKaskle v. Wiggins*, 465 U.S. 168, 177, n. 8 (1984).

Nevertheless, the remaining three factors weigh in Respondent's favor. As the state argues: "There has been no adjudication by this Court that Jones is innocent of the crime, only a determination that he should have been allowed to represent himself, a chance he will be given at a retrial should the State not prevail on appeal." (Pg. ID # 1007.) In contrast, Jones's interest in early release is not strong:

> [A] successful habeas petitioner is in a considerably less favorable position than a pretrial arrestee . . . to challenge his continued detention pending appeal. Unlike a pretrial arrestee, a state habeas petitioner has been adjudged guilty beyond a reasonable doubt by a judge or jury, and this adjudication of guilt has been upheld by the appellate courts of the State.

*Hilton*, 481 U.S. at 779. Petitioner was convicted of violent offenses, and an early release of Petitioner would be against the public interest and would result in irreparable injury to the citizens of Michigan. Petitioner also poses a substantial risk of flight given that he is subject to a lengthy sentence for his crimes, and faces an uncertain prospect of acquittal upon retrial.[1] Thus, Respondent's motion to stay the court's December 19, 2013, opinion and order is granted.

---

[1] In his response, Petitioner argues that the court should not consider his behavior in prison as urged by Respondent. (Pg. ID # 1021–22.) However, as noted in the order denying Respondent's motion to seal, consideration of Petitioner's prison conduct is not necessary to the resolution of the instant issue.

Lastly, Petitioner filed a "Motion to Appoint Counsel" requesting that the court appoint him counsel for the appeal filed by Respondent. (Pg. ID # 1018.) This issue is better addressed by the Sixth Circuit. The court therefore denies without prejudice Petitioner's request for counsel. Petitioner may re-file his motion in the Sixth Circuit Court of Appeals. Accordingly,

IT IS ORDERED that Respondent's "Motion to Stay Memorandum Opinion and Order," [Dkt. # 17], is GRANTED.

IT IS FURTHER ORDERED that the court's "Opinion and Order Granting Petition for Writ of Habeas Corpus," [Dkt. # 12], is STAYED pending appeal.

IT IS FURTHER ORDERED that Petitioner's "Motion to Appoint Counsel" [Dkt. # 20] is DENIED WITHOUT PREJUDICE.

 s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: February 14, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 14, 2014, by electronic and/or ordinary mail.

 s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522