**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GARRY JONES,

        Petitioner,

v.                                               Case Number: 10-14476

JEFFREY WOODS,

        Respondent.

                                     /

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT
OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE**

Garry Jones, ("Petitioner"), confined at the Ionia Correctional Facility in Ionia, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for two counts each of armed robbery,[1] being a felon-in-possession,[2] and felony-firearm, second offense.[3]

Petitioner has filed a motion for guidance (Dkt. # 32) and a motion to hold the petition in abeyance (Dkt. # 33) to permit him to file a post-conviction motion in the state courts to raise additional claims that are not included in the current petition. For the following reasons, the court will grant the motion to hold the petition in abeyance and will stay the proceedings under the terms outlined below in order to permit Petitioner to complete his post-conviction proceedings in the state courts and exhaust his claims.

---

[1] Mich. Comp. Laws § 750.529; Mich. Stat. Ann. 28.797.

[2] Mich. Comp. Laws § 750.224f; Mich. Stat. Ann. 28.421(6).

[3] Mich. Comp. Laws § 750.227 (b)(1); Mich. Stat. 28.424(2).

The Court will also terminate the motion for guidance as moot and administratively close the case.

## I.  BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Jones,* Nos. 281464 and 281465, 2008 WL 5382926, (Mich. Ct. App. Dec. 23, 2008), *leave to appeal denied at* 764 N.W. 2d 257 (Mich. 2009).

Petitioner then filed a post-conviction motion for relief from judgment, which was denied. *People v. Jones,* Nos. 07-7660-01, 07-7661-01 (Wayne Cty. Cir. Ct., November 12, 2009). The Michigan appellate courts denied Petitioner leave to appeal. *People v. Jones,* No. 296332 (Mich. Ct. App. June 10, 2010), *leave to appeal denied at* 789 N.W. 2d 471 (Mich. 2010).

Petitioner filed a petition for writ of habeas corpus, seeking relief on the following grounds:

> I. Appellant was deprived of his constitutional right to self-representation and due process under both the state and federal constitutions, where the state trial court refused to honor appellants request to represent himself.
>
> II. Appellant was deprived of his constitutional right to effective assistance of counsel and due process under both the state and federal constitutions where trial counsel did not consult appellant regarding his felony cases until the day of trial.
>
> III. Appellant was deprived of his constitutional right to the effective assistance of appellate counsel under both the state and federal constitutions where counsel failed to raise the above claims submitted in this brief on direct appeal.
>
> IV. The trial court decision denying relief on appellant's claim of his right to self-representation resulted in a decision that was contrary to, and involved an unreasonable determination of the facts in light of our U.S. Supreme Court decision in *Faretta v California*.

On December 19, 2013, this court granted Petitioner a writ of habeas corpus, on the ground that he had been denied his Sixth Amendment right to self-representation. *Jones v. Bell*, No. 2:10-CV-14476, 2013 WL 6729891, at *4-8 (E.D. Mich. Dec. 19, 2013). The court declined to review Petitioner's remaining claims, finding them to be moot in light of the fact that the Petitioner had been granted habeas relief on his first claim. *Id.*

On August 13, 2015, the Sixth Circuit reversed the court's judgment and reinstated Petitioner's conviction. *Jones v. Bell*, 801 F.3d 556 (6th Cir. 2015), *cert. denied* 136 S.Ct. 878 (2016).

On October 13, 2015, while Petitioner's petition for writ of certiorari was pending in the U.S. Supreme Court, the court reopened the case to the active docket.

## II.  DISCUSSION

Petitioner has asked the court to hold the instant petition in abeyance to permit him to return to the state courts to exhaust additional claims that are not included in his current habeas petition.

A federal district court has authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). A federal district court may stay fully exhausted federal habeas petitions pending the exhaustion

of other claims in the state courts. *Nowaczyk v. Warden, N.H. State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002); *cf. Bowling v. Haeberline,* 246 F. App'x 303, 306 (6th Cir. 2007) ("A 'court is entitled to delay decision [] when considerations of comity and judicial economy would be served.' . . . The fact that [petitioner] had an independent proceeding pending in state court did not render his federal petition a mixed petition.") (alteration in original) (quoting *Nowaczyk*, 299 F.3d 69 at 83.) The Supreme Court has determined that for a federal court to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, there must be good cause for the failure to exhaust claims and the unexhausted claims cannot be "plainly meritless." *Rhines v. Weber,* 544 U.S. 269, 278 (2005).

The court is aware that Petitioner has already filed one motion for relief from judgment. Pursuant to Mich. Ct. R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 F. App'x 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp. 2d at 800 (citing to *People v. Ambrose*, 459 Mich. 884; 587 N. W. 2d 282 (1998)). However, Mich. Ct. R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks,* 149 F. App'x at 418; *Hudson,* 68 F. Supp. 2d at 800-01. Petitioner alleges in his motion that he has newly discovered evidence in support of the claims that he wishes to raise in a second motion for relief from judgment. Because there is some likelihood that the Michigan courts might permit Petitioner to file a second post-conviction motion for relief from judgment pursuant to the newly

4

discovered evidence exception contained in Mich. Ct. R. 6.502(G)(2), a procedural bar to Petitioner filing such a second motion is not clearly applicable, therefore, the court will grant Petitioner a stay of proceedings to permit him to attempt to exhaust with the state courts the claims contained in his second motion for relief from judgment. *See Banks,* 149 F. App'x at 419-20.

Petitioner's claims do not appear to be "plainly meritless." *Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Because any new claims that Petitioner wishes to present to the state courts appear to be based on newly discovered evidence, Petitioner has shown good cause for failing to raise these claims sooner. *See U.S. ex rel. Strong v. Hulick*, 530 F. Supp. 2d 1034, 1043 (N.D. Ill. 2008). Furthermore, it does not appear that Petitioner engaged in "intentionally dilatory tactics." *Rhines*, 544 U.S. at 278.

Even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting his state court remedies, the court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within ninety days from the date of this Order. He must also ask the court to lift the stay within ninety days of exhausting his state court remedies. "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered[.]" *Id.,* at 781 (internal quotation omitted).

The Michigan Court Rules furnish a process by which Petitioner may raise his unexhausted claims. Petitioner may file a motion for relief from judgment in the Wayne County Circuit Court pursuant to Michigan Court Rule 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on Petitioner's claims. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court, and he may thereafter file a petition for writ of certiorari in the United States Supreme Court. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, would be required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

To obtain relief in state court, he will have to show cause for failing to raise his unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. See Mich. Ct. R. 6.508(D)(3). He would have to make a similar showing here if the court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 n.3 (6th Cir.1995). Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state court will have an opportunity to decide whether he has established "cause" for his failure to present these claims on direct review.

### III.  CONCLUSION

IT IS ORDERED that Petitioner's motion to hold the petition in abeyance (Dkt. # 33) is GRANTED, the habeas petition is STAYED, and further proceedings in this matter are HELD IN ABEYANCE.

IT IS FURTHER ORDERED that, as a condition of this stay, Petitioner shall file a motion for relief from judgment in the state trial court within **ninety (90) days** of the date of this order.  If Petitioner is unsuccessful in state court and wished to return to federal court, he must file a motion to lift the stay and an amended petition in this court within **ninety (90) days** after the conclusion of the state court proceedings.

IT IS FURTHER ORDERED that Petitioner's motion for guidance (Dkt. # 32) is TERMINATED as moot.

IT IS FURTHER ORDERED that the Clerk of Court will ADMINISTRATIVELY CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the court may order the Clerk to reopen this case.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  April 8, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 8, 2016, by electronic and/or ordinary mail.

 S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522